UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

MARIA VARGAS,                                          Docket No. 05 Civ. 4447

                                                       **AMENDED**
                    Plaintiff,                         **VERIFIED COMPLAINT**

    -against-

UNITED STATES POSTAL SERVICE,
UNITED STATES POSTAL WORKERS
UNION, AFL-CIO, MYLES MORGAN,
KEITH FISHER and NICOLE ROLDAN,

                    Defendants.
------------------------------------------------------X

Plaintiff, Maria Vargas by and through her attorneys DILIMETIN & DILIMETIN, complains of defendants, as follows:

## NATURE OF ACTION

1. This is an action seeking damages for sexual harassment, hostile work environment, race, gender, national origin, age discrimination and retaliation arising from violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000(e) et. seq., New York State Executive Law 296 and 297, New York City Administrative Code Title 8, and 28 U.S.C. Section 1331-1334 for discriminating against Plaintiff because of her race, gender, national origin, which is Hispanic, and, age that she is over the age of 41. Plaintiff seeks damages including compensatory, punitive, consequential, and such other affirmative relief as is necessary to compensate Plaintiff.

2. This is also an action seeking damages for assault and battery.

3. Venue is appropriate in the Southern District of New York pursuant to 28 U.S.C. §1391(b) in that defendant United States Postal Service (hereinafter referred to as "USPS") has offices and locations in the County of New York and White Plains.

4. The amount in controversy exceeds $300,000.00.

## STATEMENT PURSUANT TO LOCAL RULE 9

5. For the purposes of complying with Local Rule 9, plaintiff states that she has no corporate parent, subsidiary, or affiliate and that there are no other interested parties.

## EXHAUSTION OF INTERNAL REMEDIES

6. Prior to filing this civil action, plaintiff timely filed written charges of discrimination under oath with the Equal Employment Opportunity office in the United States Postal Service. The USPS denied plaintiff's grievances and appeals and further appeals would be futile.

7. Jurisdiction of this Court is invoked pursuant to Title VII of the 1964 Civil rights Act under 42 U.S.C. Section 2000(e) et seq., 1981, 28 U.S.C. Section 1331-1334.

8. Plaintiff has satisfied the jurisdictional requirements imposed by 41 U.S.C. Section 2000(e)-5 and Section 706 of Title VII of the Civil Rights Act of 1964.

9. At all relevant times Defendants have been an "employer" within the meaning of and as defined in Section 701(b) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000(e)-(b) and within the meaning of New York Executive Law and New York City Administrative Law, Defendants employed more than four, and, more that fifteen employees for each working day in each of the twenty or more calendar weeks in the preceding calendar year.

10. At all relevant times Plaintiff was an employee within the definition of the above-mentioned laws.

2

11. At all relevant times up to the present date, Defendants engaged in sexual harassment and caused a hostile work environment including assault upon the person of the plaintiff.

12. No prior litigation concerning the instant controversy has been commenced by Plaintiff.

## PARTIES

13. Maria Vargas was, at all relevant times, a citizen of the United States and resides at 71-15 65th Street, #5A, Glendale, New York 11385 and has been employed by defendant USPS for six (6) years as a mail processor.

14. The United States Postal Workers Union, AFL-CIO was plaintiff's union and assigned its representatives to prosecute plaintiff's interests as a grievant, its principal place of business is located at 1000 Westchester Avenue, White Plains, New York 10601 and Frank Fanelli was the President.

15. The United States Postal Service has as one of its branches where plaintiff was employed, identified as 1000 Westchester Avenue, White Plains, New York, and is a government agency existing under and by the laws of the United States of America.

16. Defendant Myles Morgan is an individual and is of legal age and was plaintiff's supervisor at the 1000 Westchester Avenue, White Plains, NY 10610 branch known as the White Plains Station of the United States Postal Service.

17. Keith Fisher is an individual and at all relevant times was senior plant manager at the White Plains Station for approximately two (2) years.

18. Nicki Roldan is an individual and at all relevant times was an acting supervisor at the White Plains station.

## FACTS

19. Plaintiff worked at the White Plains Station of the United States Postal Service for six (6) years and she paid her union dues and served defendant USPS dutifully and loyally at all times.

20. Defendant Morgan has sexually harassed Ms. Vargas continually, has threatened Ms. Vargas, verbally abused her, stalked her, continually targeted Ms. Vargas for embarrassment, demeaning her, belittling her, and made Ms. Vargas work near him so she would be close by for his mistreatment, all of which has occurred for several years up to the present. A specific occasion was January 2, 2005 at about 10:00 p.m., she became frightened by Mr. Morgan's appearance making his sexual advances which immediately brought upon severe chest pain and back pains.

21. Defendant Morgan all throughout the years 2003 and 2004 and to the present date continually made sexual advances to Ms. Vargas and made comments about her Puerto Rican ancestry and statements like "do you get flashing lights," "if you get a hard jam what do you do"?

22. During the past several years, Defendant Morgan has sexually harassed other Puerto Rican females and on December, 2005 reminded plaintiff that "they all enjoyed me – why not you"?

23. Ms. Vargas complained to supervisor Julieta Trujillo, MDO and she ignored plaintiff's complaints because later it was discovered that Ms. Trujillo and defendant Morgan were lovers and have been romantically involved for some time.

24. Ms. Trujillo was influential and prevented another MDO, Steve Grant, from disciplining defendant Morgan.

25. Plaintiff complained to Keith Fisher on several occasions who ignored Ms. Vargas' complaints. On many occasions, up to present, however, Mr. Morgan came to

plaintiff's working area, rubbed up against plaintiff's back causing plaintiff to jump up and become frightened and causing chest pains.

26. Defendant USPS inspectors refused to arrest defendant Morgan, when they knew he was continuously stalking plaintiff during the years 2003 and 2004 and to the present date and they permitted defendant Morgan to continue stalking and harassing Ms. Vargas.

27. Defendant Morgan would constantly sit down in front of plaintiff and just look at plaintiff. On such occasions, he would sit down in front of plaintiff for 15 minutes and just smile at plaintiff which would bring about severe chest pains.

28. Plaintiff filed an EEO complaint in 2000 and USPS threatened to fire her if she did not accept Mr. Morgan's apology which was the extent of his punishment if that was considered a punishment.

29. Defendant USPS violated their agreement to separate plaintiff from defendant Morgan when they kept him in the same area as plaintiff.

30. In retaliation for Ms. Vargas' complaints against defendant Morgan, defendant Fisher on or about August 1, 2004 disgraced Ms. Vargas by changing her shift from 6:30 p.m. to 12:30 a.m., to 12:00 midnight to 6:00 a.m. leaving defendant Morgan undisciplined and allowed him to continue to abuse Ms. Vargas to the present.

31. The harassment has continued and still continues to present day.

32. Others, non-Hispanic, and, younger employees, who have complained about sexual harassment have not been treated unfairly like plaintiff, such as Darlene Castro, Brenda Hurston, Nicole Opon and Jessica Correira.

33. Other non-Hispanic, younger, employees who complained do not get treated unfairly and do not get assaulted.

34. Defendant USPS condoned the discriminatory behavior and did nothing to help Ms. Vargas. USPS denied Ms. Vargas access to Postal Service's doctors on several occasions for her work related stress and anxiety caused by defendant Morgan's constant stalking.

35. In retaliation for Ms. Vargas' complaints and claim for relief under the Federal Employees Compensation Act, the harassment increased and further adverse employment actions increased.

36. Defendants USPS and defendant Morgan's continued sexual harassment and discriminatory actions up to present date have caused plaintiff economic injury, severe harm to her career and are responsible for her suffering physical and emotional distress.

37. Plaintiff was treated unfairly and differently from the other employees, the majority of whom are non-Hispanic, even though plaintiff had seniority and more experience than some of the other employees, and was never promoted, despite her request for promotion, she has excellent capabilities and enjoys a good reputation to handle all situations including the most difficult situations while on the job.

38. On or about late 2004, Plaintiff's shift was changed to a midnight to 6:00 a.m. shift instead of changing defendant Morgan's shift.

39. Frank Fanelli, defendant union president, has not helped plaintiff even after her shift was changed to midnight to 6:00 a.m. and defendant Morgan's shift stayed the same, and despite the harassment plaintiff has been enduring.

40. During the years 2003 and 2004 defendant Morgan would come up close behind plaintiff and say you look good in Spanish or just rub against her and move on.

41. Defendant Morgan would scream plaintiff's name while his legs were wide open and he licked his lips in front of plaintiff's co-workers causing severe chest pains and anguish making plaintiff feel like she had to hid in a corner and cry.

42. On several occasions during the years 2003 to the present Defendant Morgan even came up to her and hit the wall right next to her in the cafeteria in a threatening manner causing great fear of her life and safety.

43. Upon information and belief, during the years 2003 and 2004 and to the present time, defendants condoned the hostile work environment that was created from the rampant sexual harassment and stalking by defendant Morgan against plaintiff and others in defendant USPS service.

44. Despite plaintiff's complaints during the past several years during the year 2003 to the present about the sexual harassment, stalking and discrimination, little or no efforts were made to make plaintiff's work environment comfortable and/or acceptable, and, defendant USPS forced plaintiff to continue to work with and near defendant Morgan thereby creating the worst possible work environment for any person especially the plaintiff.

45. During the years 2003 to present, upon information and belief, defendant USPS did nothing to stop the harassment, discrimination and abuse thrusted upon Plaintiff by defendant Morgan. In fact, management condoned, sanctioned and approved defendant Morgan's actions of retaliation against Plaintiff because of her charges of sexual harassment even though prior charges in 2002 were quietly dropped against Mr. Morgan.

46. Upon information and belief, defendant USPS knew or should have known of the harassment, discrimination, retaliation and the abuse Plaintiff suffered because it was continuing and enduring and they did nothing to stop or prevent it from continuing.

47. Instead, when plaintiff complained of chest pains due to sexual harassment, defendant USPS denied her medical attention and forced Ms. Vargas to seek private medical attention.

48. On March 28, 2005, defendant Nickie Roldan assaulted plaintiff by hitting her and pushing plaintiff against the wall causing injuries to plaintiff's person.

49. Defendant Nickie Roldan also verbally assaulted plaintiff in front of her co-workers.

50. Plaintiff complained to her union who did nothing to help her, and even after plaintiff was assaulted by Nickie Roldan, the union did nothing to help her or press charges against get Nickie Roldan.

51. Plaintiff has been retaliated against because of her complaints to a supervisor Ms. Trujillo, who was romantically linked to defendant Morgan.

52. Over the past several years and to the present, plaintiff has suffered and will continue to suffer irreparable physical and mental injury caused by defendants' illegal conduct and intentional misconduct and acts at her work place.

53. Other non-Hispanic and younger females who complained about sexual harassment were treated differently than plaintiff, and not retaliated against or assaulted for making complaints.

## AS AND FOR A FIRST CAUSE OF ACTION
## EMPLOYMENT DISCRIMINATION TITLE VII

51. Plaintiff repeats and realleges each and every allegation contained in paragraph numbers "1" through " 50" as though set forth fully herein.

52. Defendant USPS engaged in unlawful employment practices in violation of   Section 703 (a)(1) of Title VII, 42 U.S.C. Section 2000e-2(a)(1), and 42 U.S.C. 2000 e-2(a)(1), because plaintiff is of Hispanic nationality, Puerto Rican ancestry and over

the age of 40, and, retaliated against her for complaining about the stalking, sexual harassment and abuse she received from defendant Morgan.

53. As a result of defendant Morgan's unlawful actions, during the past several years especially during the period 2003 to present, plaintiff has been under the care of a physician, who has diagnosed plaintiff in extremely critical and poor physical and mental condition as a direct result and proximate cause of the unlawful treatment at her workplace.

54. Due to defendants' discriminatory and unlawful treatment of plaintiff, plaintiff suffers from depression and nightmares and other effects of defendant Morgan's stalking and discrimination practices.

55. These practices as set forth above were willful, intentional, deliberate and punitive designed by defendants, especially defendant Morgan who has caused personal harm to plaintiff all in violation of Section 703(a)(1) of Title VII, 42 U.S.C. Sections 2(a)(1) and 42 U.S.C. 2000e (2a)(1).

56. By the above acts, defendants have violated Title VII by discriminating against Plaintiff because of her age, national origin and retaliation, in the terms, conditions and privileges of her employment.

57. Defendants' acts were willful and intentional and were with malice and reckless disregard for Plaintiff's federally protected civil rights.

58. Plaintiff is now suffering and will continue to suffer irreparable physical and mental, and economic injury including monetary damages as a result of the defendants' discriminatory practices in an amount to be determined at trial, back and front and other non-pecuniary losses plus punitive damages in an amount to be determined at trial, plus attorneys' fees, expert fees and costs.

## AS AND FOR A SECOND CAUSE OF ACTION, EMPLOYMENT DISCRIMINATION UNDER NEW YORK STATE EXECUTIVE LAW

59. Plaintiff repeats and realleges each and every allegation contained in paragraph numbers "1" through "58" of this complaint as though set forth fully herein.

60. Defendants discriminated against plaintiff with respect to her employment, based on her gender, age, national origin, and retaliation, in violation of the terms, conditions and privileges of her employment, and that the unlawful and discriminatory treatment violated the provisions of Article 15 of the New York State Executive Law, specifically Executive Law §296 and §297, justifying an award, inter alia, of back and front pay benefits, compensatory damages, in an amount to be determined at trial, plus punitive damages, also in an amount to be determined at trial, plus attorneys' fees, expert fees including costs.

## AS AND FOR A THIRD CAUSE OF ACTION, EMPLOYMENT DISCRIMINATION UNDER TITLE 8 OF THE NEW YORK CITY ADMINISTRATIVE CODE

61. Plaintiff repeats and realleges each and every allegation contained in paragraph numbers "1" through "60" of this complaint as though set forth fully herein.

62. Defendants discriminated against Plaintiff with respect to her employment based on her gender, age, national origin and retaliation with regard to the terms, conditions and privileges of her employment, and that the unlawful and discriminatory treatment of her violates the provisions of Title 8 of the Administrative Code of the City of New York.

63. As a result of defendants' violations, plaintiff has suffered and will continue to suffer monetary damages and damages for mental anguish and severe depression and humiliation.

64. Plaintiff requests an award, inter alia, of back and front pay, health benefits, and compensatory damages for emotional anguish against Defendants in an amount to be determined at trial, and punitive damages, also in an amount to be determined by a jury at trial, as well as attorneys' fees, costs and disbursements.

### AS AND FOR A FOURTH CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY

65. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "64" above with the same force and effect as though fully set forth herein.

66. Plaintiff was deprived of the terms of her employment by the conspiratorial actions of defendant Union, its agents, and/or employees and defendant USPS, its employees defendant Morgan and defendant Fisher who failed to represent plaintiff before the grievance arbitrator.

67. Plaintiff, as a result of defendants' unlawful conspiratorial behavior designed to interfere with her job at defendant USPS, demands punitive, consequential and actual damages in an amount to be determined at trial.

### AS AND FOR A FIFTH CAUSE OF ACTION
### BREACH OF DUTY OF GOOD FAITH

68. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "67" above with the same force and effect as though fully set forth herein.

69. Defendants breached their duty of good faith with plaintiff and as a direct result, plaintiff has been damaged.

11

70. As a result of defendants' breach of duty of good faith, plaintiff has been damaged in an amount to be determined at trial.

## AS AND FOR A SIXTH CAUSE OF ACTION
## ASSAULT

71. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "70" above with the same force and effect as though fully set forth herein.

72. Plaintiff was injured and suffered pain and anguish because of the assault by defendant's 204-B supervisor, managing agent, Nickie Roldan in retaliation for plaintiff's complaints, on March 25, 2005 at 1:00 a.m. Ms. Roldan assaulted on plaintiff while plaintiff was lawfully holding a conversation with a co-worker.

73. The proximate cause of plaintiff's injuries and aggravation of her heart condition were a direct cause of defendant Nickie Roldan's actions of striking plaintiff on the right side of her body and pushing plaintiff causing severe bodily injury, mental anguish due to Ms. Roldan's yelling and screaming at plaintiff in front of all of her co-workers.

74. As a result of defendant's assault upon plaintiff, plaintiff has been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment against the defendants as follows:

A. As and for the First Federal Cause of Action For Employment Discrimination Under Title VII, a money judgment as and for front pay, back pay and other employment benefits, together with interest on said amounts, and other compensatory and punitive damages in an amount to be determined at trial, plus attorneys' fees, expert fees, costs and disbursements;

B. As and for the Second Cause of Action, the First Pendant State Cause of Action for Employment Discrimination under New York State Executive Law, a money judgment representing front pay, back pay, and other employment benefits, together with the interest on

C. Said amounts, punitive damages, and other compensatory and punitive damages in an amount to be determined at trial, plus attorneys' fees, expert fees, costs and disbursements.

D. As and for the Third Cause of Action, The Second Pendant Cause of Action for Employment Discrimination under Title 8 of the New York City Administrative Code, a money judgment representing front pay, back pay, and other employment benefits, together with the interest on said amounts, and other compensatory and punitive damages in an amount to be determined at trial, plus attorneys fees, expert fees costs and disbursements.

E. As and for the Fourth Cause of Action, breach of fiduciary duty, front pay, back pay and other employment benefits, together with the interest on said amounts, and punitive damages in an amount to be determined at trial, plus attorneys' fees, expert fees, costs and disbursements.

F. As and for the Fifth Cause of Action, breach of duty of good faith; damages in an amount to be determined at trial.

G. As and for the Sixth Cause of Action, Assault, damages in an amount to be determined at trial.

H. Order defendant employer to make plaintiff whole, by providing affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to rightful punishment to defendant Morgan for stalking and sexually harassing plaintiff.

I. Grant such further relief as the Court deems necessary and proper.

J. Award DILIMETIN & DILIMETIN its costs and fees in this action.

I. Grant punitive damages against defendants.

## JURY DEMAND

Plaintiff herein demands a trial by jury of all issues in this action.

Dated: New York, New York
       August 4, 2005

                Respectfully submitted,

                DILIMETIN & DILIMETIN
                Attorneys for Plaintiff
                Maria Vargas
                500 Fifth Avenue-Suite 1600
                New York, New York  10110
                (212) 730-6300

By [signature]
                Anthony K. Dilimetin (AKD0349)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

MARIA VARGAS,                                    Docket No. 05 Civ. 4447 (BSJ)

                Plaintiff,                    **AFFIDAVIT OF SERVICE**

  -against-

UNITED STATES POSTAL SERVICE,
UNITED STATES POSTAL WORKERS
UNION, AFL-CIO, MYLES MORGAN,
KEITH FISHER and NICOLE ROLDAN,

                Defendants.
-----------------------------------------------------------X

STATE OF NEW YORK    )
COUNTY OF NEW YORK  ) ss.:

      I, Loretta Harris, being duly sworn under the penalties of perjury, deposes and says that the following is true, accurate and correct:

      I am not a party to the action, am over 18 years of age and am employed at the offices of Dilimetin & Dilimetin, 500 Fifth Avenue, Suite 1930, New York, New York 10110.

      On August 4, 2005, I served a true copy of Plaintiff's Amended Complaint by mailing the same in a sealed envelope, with postage paid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the attorney for defendants at the addressee(s) as indicted below:

United States Postal Service
1000 Westchester Avenue
White Plains, NY 10601
ATTN: Legal Department, Ms. Nicole Roldan, Mr. Keith Fisher
       Mr. Miles Morgan. Mr. Frank Fanelli

                                                  _____
                                                  LORETTA HARRIS

Sworn to before me on the
4th day of August, 2005.

_____
NOTARY PUBLIC
LAURA M. DILIMETIN
Notary Public, State of New York
No. 02DI489367
Qualified in ... k
Commission Expires May 13, 2008